## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

CHARLES R. WARE,

                Defendant.

8:20-CR-83

MEMORANDUM AND ORDER

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 319) filed by the defendant, Charles Ware. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

As relevant, the defendant was first charged in the operative indictment in December 2020 with one count of conspiring to commit interference with commerce by robbery (commonly referred to as Hobbs Act robbery), three counts of bank robbery, and two counts of using and carrying a firearm during a crime of violence (*i.e.* two of the bank robberies). Filing 108.[1] He entered into a plea agreement in which he agreed to plead guilty to Count I (conspiracy to commit Hobbs Act robbery) and Count III (possessing a brandishing a firearm during a crime of violence, *i.e.* bank robbery). Filing 222. In it, he stipulated to possessing a firearm or aiding and abetting another defendant's possession of the firearm on or about the date of the bank robbery, and that he did so in furtherance of the bank robbery. Filing 222 at 2; *see* filing 108 at 4-5. He was to a term of 86 months' imprisonment on the conspiracy charge, and a term of 84 months' imprisonment on the firearm charge, terms to be served consecutively. Filing 252.

## DISCUSSION

The defendant's argument is premised on the Supreme Court's holding in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that attempted Hobbs Act

---

[1] There was a third superseding indictment (filing 139) but the defendant pled to the second.

robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c)—the offense the defendant pled guilty to in Count III. He claims that his conviction on Count III is contrary to *Taylor*, and that his plea to that charge resulted from ineffective assistance of counsel. Filing 319 at 3.

Section 924(c)(1)(A)(i) provides, as relevant, that "any person who, during and in relation to any crime of violence . . . who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years." A "crime of violence" includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In *Taylor*, the Supreme Court held that *attempted* Hobbs Act robbery wasn't a crime of violence under the definition in § 924(c)(3)(A). 142 S. Ct. at 2021. That was because, the Court explained, while many who attempt to commit Hobbs Act robbery do use force, "no *element* of attempted Hobbs Act robbery requires the government to prove beyond a reasonable doubt that the defendant used, attempted to use, or even threatened to use force." *Id.* at 2022.

But the defendant's conviction on Count III—the focus of his argument here—wasn't predicated on an attempted crime. *See* filing 108 at 4-5. Rather, it was predicated on a *completed* crime: In fact, the defendants stole $138,633.68 from the Great Southern Bank. Filing 108 at 4. *Taylor*, whatever its merits, simply isn't applicable here. And a completed bank robbery is a crime of violence, because it requires the offender to take money "by force and violence, or by intimidation," and "intimidation" means the threat of force. *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (citing 18 U.S.C. § 2113(a)); *accord Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019);

*Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019); *see also Allen v. United States*, 836 F.3d 894 (8th Cir. 2016).

In arguing to the contrary, the defendant asserts that *aiding and abetting* bank robbery isn't a crime of violence because, he says, it doesn't require proof that *he* used, attempted to use, or threatened to use force. Filing 319 at 6.[2] That argument has been raised a lot in the wake of *Taylor*, and courts have uniformly rejected it. *See United States v. Alley*, No. 15-CR-113, 2023 WL 204893, at *1–2 (D. Minn. Jan. 17, 2023); *see also United States v. Worthen*, 60 F.4th 1066, 1070 (7th Cir. 2023), *cert. denied,* No. 22-1172, 2023 WL 6377921 (U.S. Oct. 2, 2023); *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023), *cert. denied,* No. 23-5031, 2023 WL 6378432 (U.S. Oct. 2, 2023); *United States v. Wiley*, 78 F.4th 1355, 1364–65 (11th Cir. 2023); *United States v. Eckford*, 77 F.4th 1228, 1237 (9th Cir. 2023), *cert. denied,* No. 23-5962, 2023 WL 8532075 (U.S. Dec. 11, 2023); *United States v. Stevens*, 70 F.4th 653, 662 (3d Cir. 2023); *cf. United States v. Burnett*, No. 8:17-CR-374, 2022 WL 17094173, at *1 (D. Neb. Nov. 21, 2022), *appeal dismissed,* No. 23-1126, 2023 WL 4732178 (8th Cir. Feb. 22, 2023)

That's because aiding and abetting under 18 U.S.C. § 2 isn't a separate crime from the underlying offense—instead, it's an alternative theory of liability for committing the principal offense. *Worthen*, 60 F.4th at 1069-70; *see, e.g.*, *United States v. Gammell*, 932 F.3d 1175, 1179 (8th Cir. 2019).

*Taylor* hinged on the fact that attempt is a separate crime from the underlying offense, with the distinct element of a "substantial

---

[2] The defendant also notes that Count I, conspiracy to commit Hobbs Act robbery, isn't a crime of violence. Filing 319 at 8. He's right on that point, *see Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022), but the bank robbery is the crime of violence at issue.

step." A defendant could take that substantial step—completing the crime of attempt—without also committing all the elements of Hobbs Act robbery. Not so with accessory liability. If a defendant aids a completed Hobbs Act robbery, the law deems him to have committed every element of Hobbs Act robbery—including the element of using or threatening force. That is what it means to say that the law does not distinguish between primary violators and aiders and abettors.

*Worthen*, 60 F.4th at 1070 (citations omitted).

The defendant's sole claim for § 2255 relief is premised on his argument that aiding and abetting bank robbery isn't a crime of violence. *See* filing 319 at 4-8. It's not entirely clear whether the defendant intends this as a freestanding due process claim or as the basis for an ineffective assistance of counsel claim. *See* filing 319 at 3-4, 9. But to the extent the defendant is claiming ineffective assistance of counsel, it's insufficiently alleged: Counsel was neither ineffective, nor was the defendant prejudiced, if the defendant was informed that aiding and abetting bank robbery is a crime of violence. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate

that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

The defendant also filed a motion to stay consideration of this motion, claiming that he's had difficulty trying to get his sentencing transcript. Filing 320. But nothing that happened at the defendant's sentencing could affect, or is even relevant to, the sole issue presented in the defendant's motion. There is no basis for a stay.

IT IS ORDERED:

1.   The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 319) is denied.

2.   The defendant's motion to stay (filing 320) is denied.

3.   The Court will not issue a certificate of appealability in this matter.

4.   A separate judgment will be entered.

5.   The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 27th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge